favor of defendant entered upon a decision of the court at a Trial Term, a jury having been waived, and directing judgment in favor of plaintiff. Plaintiff deposited with defendant a sum of money which according to the terms of an instrument at the time signed by both parties was received " as security for the payment of the rent for the demised premises in the annexed lease which will accrue for the last year of the demised terms." The lease in question was for five years. The lessor, a third party, defaulted in payment of rent during the first year of the term and was dispossessed, at which time the amount of rent due was greater than the amount deposited as security. In an action to recover the amount deposited, the Appellate Division held that said sum was deposited as security for rent accruing in the fifth year of the lease which was the last year of the demised term, and that it could not be applied in payment of rent accruing in the first year of the lease.

*Laurence A. Steinhardt* for appellant.

*Benjamin F. Kraft* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CHASE, HOGAN, McLAUGHLIN and CRANE, JJ. Dissenting: CARDOZO and ANDREWS, JJ.

---

NORA COONEY, as Administratrix of the Estate of JOHN COONEY, Deceased, Appellant, *v.* NORTHERN CENTRAL RAILWAY COMPANY et al., Respondents.

*Negligence — railroads — fence along right of way — company not liable for incidental effect in causing snow to drift on to adjoining highway nor accident arising therefrom.*

*Cooney* v. *Northern Central Ry. Co.*, 180 App. Div. 675, affirmed.

(Argued October 21, 1920; decided November 16, 1920.)

APPEAL from a judgment entered October 4, 1918, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint. Plaintiff's intestate was killed through the overturning of a sleigh, on which he

was riding, caused by a pitch hole in the snow in a highway adjoining the defendants' railroad right of way. At the point in question the highway passess over an elevation and the railroad tracks are in a cut. To prevent snow from drifting into the cut defendants had built and maintained a long board fence upon the margin of the right of way bordering the highway. It appeared that prior to the building of the fence the snow did not drift into the highway at this point, but that the effect of the fence is to cause the snow to drift and to a considerable extent obstruct the highway, contributing to the development of pitch holes between the drifts. The complaint charged the defendants both with negligence in maintaining this fence and with having created and maintained a nuisance thereby. The question left to the jury was as to whether this fence was a nuisance in that it obstructed the highway by causing an accumulation and piling of snow which but for the fence would not have occurred. The Appellate Division held that defendants might lawfully erect a fence or any other structure wholly upon their own property, without incurring liability for its incidental effect upon the adjoining highway.

*W. Smith O'Brien* for appellant.

*Alexander S. Diven* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, MC-LAUGHLIN, CRANE and ANDREWS, JJ. Taking no part: CHASE, J.